UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES T. BLACK, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-01543-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Charles T. Black, Jr. for relief pursuant to 28 U.S.C. § 2255 must be **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On May 10, 2011, Black was charged in a six-count Indictment with drug and firearm-related offenses. On October 3, 2012, Black filed a Petition to Enter a Plea of Guilty and a signed Rule 11(c)(1)(C) Plea Agreement. The Plea Agreement provided that Black would plead guilty to Count Five as charged in the Indictment (possessing a firearm during and in relation to a drug trafficking crime) and that the parties agreed to a specific sentence of 180 months' imprisonment. The amount of the fine and term of supervised release was left up to the discretion of the Court. Black acknowledged that if the Court rejected the plea agreement, he would be given an opportunity to withdraw his plea of guilty. The Plea Agreement further provided that at the time of sentencing, the United States would move to dismiss the remaining five counts in the Indictment.

In exchange for the concessions made by the Government, Black agreed that in the event the Court sentenced him a term of 180 months' imprisonment, he "expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any and all grounds, . . . [and] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under . . . 28 U.S.C. § 2255." *United States v. Black*, 1:11-cr-83-TWP-MJD-1 ("Cr. Dkt.") 78.

On January 15, 2013, a change of plea and sentencing hearing was held. The Court accepted Black's plea of guilty and adjudged him guilty as charged in the Indictment. The Court then sentenced Black to the agreed-upon term of 180 months in prison, to be followed by five years' supervised release, and a fine of $500.00. Black was also assessed the mandatory special assessment of $100.00. The judgment of conviction was entered on January 23, 2013.

Black did not file an appeal. But on September 22, 2014, he filed the present § 2255 motion and the United States was directed to respond.

## II. Discussion

Black argues in his § 2255 motion that his counsel was ineffective for failing to file a notice of appeal and that, in a number of ways, the Court erred in imposing the sentence. The United States argues, among other things, that Black's § 2255 motion is barred by the statute of limitations and by the waiver of appeal in Black's Plea Agreement. Because the Court finds that Black waived his right to present this § 2255 motion, it need not address whether the motion is barred by the statute of limitations.

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which (1)

2

"the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted). Black argues that his counsel was ineffective for not filing a notice of appeal and that his sentence is inappropriate because it exceeds the statutory minimum.

Black first asserts that his counsel was ineffective for failing to file a notice of appeal despite his direction to do so. The Seventh Circuit in *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008), held that once a defendant has knowingly and voluntarily waived his right to appeal both in a plea agreement and in court, the Sixth Amendment does not require an attorney to disregard the waiver by complying with the defendant's request to file an appeal. That is the case here. Black expressly waived his right to appeal in his Plea Agreement, Cr. Dkt. 78, & 9, and at the Plea and Sentencing hearing. At the hearing, Black testified as follows:

> THE COURT: Mr. Black, you also have a statutory right to appeal the conviction and any sentence imposed and the manner in which your sentence is imposed. However, in concession for the -- in exchange for the concessions made by the United States in your plea agreement, and in the event you are sentenced to a term of imprisonment of 180 months, then you expressly waive your right to appeal the conviction and any sentence imposed in this case on any and all grounds. Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And those are the terms of your plea agreement. Do you feel that you have a complete understanding of that plea agreement?
>
> THE DEFENDANT: Yes, Your Honor

Cr. Dkt 104, pg 14. Black has therefore waived the right to present this argument in a § 2255 motion.

3

In addition, this claim would fail on the merits. To establish ineffective assistance of counsel, Black "must show not only that the lawyer's work as a whole was objectively deficient but also that prejudice ensued." *Nunez*, 546 F.3d at 453. Here, Black's Plea Agreement not only waived his rights to challenge his conviction and sentence via § 2255, but also on direct appeal. As explained by the Seventh Circuit, "[a] lawyer who respects his client's formal waiver of appeal does not render objectively deficient service." *Id.* at 456 ("Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver."). The Seventh Circuit has reaffirmed the validity of this proposition this month. *See Solano v. United States*, No. 15-1290 (7th Cir. Feb. 5, 2016).

Black also raises a number of challenges to his sentence. These challenges are also barred by the waiver provisions of his plea agreement. As previously discussed, Black specifically waived his right to challenge the sentence in his Plea Agreement and at the Plea and Sentencing hearing. Moreover, Black was fully aware of the potential sentence he could face. With regard to the sentence, Black testified as follows:

> THE COURT: All right. Now, sir, your plea is what we call a C plea. And that means that the terms of your plea agreement are not within the discretion of the Court. And under your agreement, it says the parties have recommended that, should the Court accept this agreement, you will be sentenced to a term of imprisonment of 180 months for the offense charged in Count 5 of the indictment. And the amount of fine and term of supervised release will be left to the discretion of the Court. Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.

Cr. Dkt. 104, pg 12.

Black may be understood to argue that his sentence was above the statutory maximum and he therefore should not be bound by the waiver provisions of the plea agreement. Black bases this argument on his assertion that because the statute under which he was convicted, 18 U.S.C. §

924(c)(1), provides no statutory maximum, the maximum must be the same as the minimum of five years. Because he received a greater than five-year sentence, he asserts that he is entitled to take advantage to the exception to the enforcement of collateral attack waivers when the sentence is beyond the statutory maximum. But the law in this Circuit is that "convictions under § 924(c)(1)(A) carry a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under." *United States v. Lucas*, 670 F.3d 784, 795 (7th Cir. 2012) (citing *United States v. Sandoval,* 241 F.3d 549, 551 (7th Cir. 2001)). To the extent that Black argues that this law should be overruled or suggests that it will be, it is not the province of this Court to make such a determination. Accordingly, Black's sentence is not beyond the implied statutory maximum of life in prison and therefore the waiver provision of his plea agreement must be enforced.[1] He has thus waived any collateral challenge to his sentence.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Black is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:11-cr-83-TWP-MJD-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Black has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."

---

[1] It is worth noting that, as the Court explained at Black's sentencing hearing, while the statutory minimum for Black's offense is five years, because of his criminal history his guideline range is 262 to 327 months. Cr. Dkt 104 p 18. Black's sentence of 180 months is well below that range.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 2/9/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES T. BLACK, JR.
10055-028
Butner – Medium II FCI
P.O. Box 1500
Butner, NC 27509

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**